Paul, District Judge,
(after stating the facts.) The Virginia act of assembly, passed December 13, 1792, provided as follows:
“1. That no estate of inheritance or freehold or for a term of more than five years, in lands or tenements, shall be conveyed from one to another, unless the conveyance be declared by writing, sealed, and delivered; nor shall such conveyance be good against a purchaser for valuable consideration, not having notice thereof, or any creditor, unless the same writing be acknowledged by the party or parties who shall have sealed and delivered it, or be proved by three witnesses to be his, her, or their act before the general court, or the coart of that district, county, city, or corporation in which the land conveyed, or some part thereof, lieth, or in the manner hereinafter directed within eight months after the time of sealing and delivering, and be lodged with the clerk of such court to be there recorded.”
*$****$$$
“5. If the party who shall sign and seal such writing reside not in Virginia, or in the district or county where the lands conveyed lie, the acknowledgment by such party, or the proof by the number of witnesses requisite, or the sealing and delivering of the writing, before any court of law, or the mayor or other chief magistrate of any city, town, or corporation of the county in which the party shall dwell, certified by such court or mayor or chief magistrate in the manner such acts are usually authenticated by them, and offered to the proper court to be recorded within eighteen months after the sealing and delivering, where the party resides out of this commonwealth, and within eight months after the sealing and delivery where the party resides within this commonwealth, shall be as effectual as if it had been in the last-mentioned court.”
So, also, the Virginia act of assembly, passed February 24, 1819, after re-enacting, in substance and without change so far as the case at bar is concerned, provided in its seventh section as follows:
7. Any deed may in like manner be admitted to record upon the certificate under seal of any two justices of the peace for any county or corporation within the United States, or any territory thereof, or within the District of Columbia, annexed to such deed, and to the following effect, to-wit:
“(County or Corporation,)sc.: We, A. B. and C. D., justices of the peace in the county (or corporation) aforesaid, in the state (or territory or district) of-, do hereby certify that E. E., a party (or E. E. and G.H., etc., parties) to a certain deed, bearing date on the-day of-, and hereto annexed, personally appeared before us, in our county (or corporation) aforesaid, and acknowledged the same to be his (or their) act and deed, and desired us to certify the said acknowledgment to the clerk of the county (or corporation) court of-, in order that the said deed may be recorded. Given under our hands and seals this-day of-.
“A. B. [Seal.]
“C. D. [Seal.]”.
Mow, the deed from John Soley, Jr., to John Miller Russell, dated 20th of March, 1800, was acknowledged and proved in a court of record of the state of Massachusetts in compliance with the requirements of the Virginia statute, (section 5, Act Dec. 13, 1792,) and it conveyed to said John Miller Russell the legal title to the land described in said deed. The deed from John Miller Russell to Henry 0. Middleton, dated 27th day of July, 1838, was acknowledged before two justices of the peace in the state of Massachusetts, in compliance with the provisions of section *94 Y of the act of assembly of February 24, 1819, and conveyed the legal title to the land to the grantee, and not an equitable interest only, as contended by the defendant. The contention of counsel for the defendant that these deeds were not properly executed, because the seals do not appear attached to the signatures of the grantors, the attesting witnesses, .and the justices before whom acknowledged, cannot be sustained. We must remember that at the time these deeds were executed the usual way of affixing a seal was by an impression in wax. The scroll, as used now, had not come into general use. The seals, being of wax, were liable to be effaced or broken off; hence the necessity of having witnesses to the signing and sealing. If, at this remote day from the execution of these ancient documents, we are at liberty to ignore their sanctity as ■sealed instruments, because the impression in wax is not to be found on them, or the scroll, its legally authorized substitute, in its stead, though we have the highest record evidence that, the seals were attached to the documents at the time of their execution and delivery, it would go very far towards converting into equitable, what have been for a century regarded as legal, titles.
“A deed executed in Boston in December, 1798, by parties living there conveying land in Virginia, is properly admitted to record upon a certificate of the proof of its execution by the subscribing witnesses before the court of Suffolk county, signed by a person describing himself as clerk of the court, though no seal is attached to it.” Smith v. Chapman, 10 Grat. 445. The instructions asking the court to construe these deeds as conveying only equitable interests must be refused.